## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MALCOLM M. BLACKWELL, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JUDGE RODNEY B. SPARKMAN, ) <br> Tulsa District Courthouse, SHERRI D. ) <br> BLACKWELL, MICHAEL J. BEARD, ) <br> BRENDA COLDWELL, Oklahoma ) <br> Certified Shorthand Reporter, and ) <br> CLERK OF COURT, Tulsa District ) <br> Courthouse, ) <br> ) <br> Defendants. ) <br> ) | Case No. 13-CV-260-GKF-FHM |

## **OPINION AND ORDER**

This matter comes before the court, *sua sponte*, on the Complaint [Dkt. #2], filed on May 2, 2013.

This lawsuit arises from a divorce action in Tulsa County District Court, *In re Marriage of: Sherri D. Blackwell and Malcolm M. Blackwell,* Case No. FD-2010-239. Plaintiff Malcolm M. Blackwell, appearing *pro se*, contends the defendants violated his constitutional right of due process during divorce proceedings. The defendants who allegedly violated his constitutional rights are: his ex-wife, Sherri D. Blackwell; the judge who presided in the divorce case, Special District Judge Rodney B. Sparkman; his ex-wife's counsel in the divorce case, Michael J. Beard; a court reporter, Brenda Coldwell; and the Tulsa District Court Clerk.

Plaintiff's ex-wife filed her Petition for Dissolution of Marriage in the state court case on August 20, 2010. [Dkt. #2, Ex. 1]. A Decree of Dissolution of Marriage was entered in the case on July 1, 2011. [Dkt. #2, Ex. 24].[1]

The Complaint alleges a plethora of due process violations and other legal missteps during the divorce proceedings, including that:

- The Tulsa District Court Clerk failed to obtain the parties' consent to proceed before a "Magistrate Judge" as required under 28 U.S.C. § 636 and Federal Rules of Civil Procedure 73, 72 and 59.

- Service of the initial divorce papers, as well as subsequent pleadings and court orders was improper.

- Plaintiff's "Contort" to the initial Temporary Order Agreement ("TOA") was "secured under threat duress and coercion" by his ex-wife's attorney.

- The judge later entered a new TOA without plaintiff's consent.

- His ex-wife's attorney unlawfully entered into a legal agreement with the ex-wife and the Tulsa County District Court without plaintiff's consent "pursuant to the common law."

- He did not waive his right to a jury trial in the divorce case.

- His ex-wife and family members could not testify against him in the divorce action without his consent, which he never gave.

- The judge wrongfully joined the divorce proceeding with a contempt proceeding.

- The Tulsa County District Court lacked subject matter jurisdiction over the case.

- The court reporter omitted testimony of his witnesses from the transcript of a contempt hearing.

- He never consented to the divorce decree.

---

[1] During its pendency, plaintiff twice removed the divorce action to federal court. *See In re Marriage of Sherri D. Blackwell v. Malcolm L. Blackwell,* Case No. 11-CV-328-TCK-PJC, and *Sherri D. Blackwell v. Malcolm M. Blackwell,* Case No. 11-CV-477-CVE-TLW. Both cases were remanded, *sua sponte*, based on lack of subject matter jurisdiction.

Plaintiff seeks a determination that the judgment in the divorce case is void. [Complaint at 3]. Contemporaneously with the filing of the Complaint, he has also filed a Motion for Restraining Order [Dkt. #4], Motion for Preliminary Injunction [Dkt. #6], Motion for Marshal Delivery of Summons [Dkt. #8], "Motion of Notice for A Order to Show Cause" [Dkt. #9], Motion for Writ of Habeas Corpus [Dkt. #10], Application for Writ of Habeas Corpus and Emergency Motion for Return of Offspring Affidavit [Dkt. #11], and Motion for Leave to Proceed in Forma Pauperis [Dkt. No. 12].

Because Blackwell is proceeding *pro se*, the court, consistent with Supreme Court and Tenth Circuit precedent, will construe his *pro se* pleadings liberally. *Haines v. Kerner,* 404 U.S. 519, 520 (1972); *Gaines v. Stenseng,* 292 F.3d 1222, 1224 (10th Cir. 2002).

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005); *Penteco Corp. Ltd. Partnership—1985A v. Union Gas System, Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). The party invoking federal jurisdiction has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."); *Montoya v. Chao,* 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."). The Tenth Circuit has stated that "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage of the litigation.'" *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006).

Pursuant to 28 U.S.C. § 1257(a), "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had may be reviewed by the [United States] Supreme Court by writ of certiorari." Under the *Rooker-Feldman* doctrine, which is based on the statute, only the United States Supreme Court has jurisdiction to hear appeals from final state court judgments. *See Guttman v. Khalsa,* 446 F.3d 1027, 1031 (10th Cir. 2006). The *Rooker-Feldman* doctrine applies "to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 1032, quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005).

This case is precisely the type of proceeding described in *Exxon Mobil* and *Guttman.* Plaintiff asks this court to declare state court divorce judgment void based on alleged due process violations. However, "a district court [can]not entertain constitutional claims attacking a state-court judgment, even if the state court [did] not pass directly on those claims, when the constitutional attack [is] 'inextricably intertwined' with the state court's judgment." *Mann v. Boatright,* 477 F.3d 1140, 1147 (10th Cir. 2007), quoting *Exxon Mobil* at 286, n.1. A claim is inextricably intertwined "if the relief requested in the federal action would effectively reverse the state court decision or void its ruling." *Charchenko v. City of Stillwater,* 47 F.3d 981, 983 (8th Cir. 1995).

Plaintiffs' claims in this case are "inextricably intertwined" with the state courts' decision because the relief requested—declaratory judgment that the divorce decree is void—would effectively reverse the state court's decision. Therefore, this action is barred by the *Rooker-Feldman* doctrine.

This case is dismissed for lack of subject matter jurisdiction. The Motion for Restraining Order [Dkt. #4], Motion for Preliminary Injunction [Dkt. #6], Motion for Marshal Delivery of Summons [Dkt. #8], "Motion of Notice for A Order to Show Cause" [Dkt. #9], Motion for Writ of Habeas Corpus [Dkt. #10], Application for Writ of Habeas Corpus and Emergency Motion for Return of Offspring Affidavit [Dkt. #11] and Motion for Leave to Proceed in Forma Pauperis [Dkt. No. 12] are moot.

ENTERED this 3rd day of May, 2013.

_____
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT